UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DAVID T. LAWSON** <br><br> **Plaintiff,** <br><br> -v- <br><br> **HELVEY & ASSOCIATES, INC.** <br><br> **Defendant.** | **CASE NO.: 1:18-cv-00202** <br><br> **JUDGE:** <br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

Plaintiff, David T. Lawson, for his complaint against Helvey & Associates, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff, David T. Lawson ("Mr. Lawson"), is a natural adult person residing in Columbia City, Indiana, which lies within the Northern District of Indiana.

5. Mr. Lawson is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Lawson is a "person" as defined by I.C. 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Helvey & Associates, Inc., is an Indiana corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States.  As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and correspondences, Defendant identifies itself as a debt collector.[1]

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

## FACTS SUPPORTING CAUSES OF ACTION

11. Mr. Lawson is in poor health and has a limited income and as a result he has defaulted some of his medical bills (the "Subject Debt").

12. Following the default, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

13. On or around December 11, 2017, Defendant mailed a correspondence to Mr. Lawson attempting to collect the Subject Debt (the "Collection Letter").  A copy of the Collection Letter is attached to this complaint as Exhibit A.

14. The Collection Letter was the initial communication Mr. Lawson received from Defendant concerning the Subject Debt.

---

[1] *See* http://www.hlv.com.

15. As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, as required under 15 U.S.C. § 1692g ("the G Notice"), on the reverse side of the letter. *See* Exhibit A.

16. The Collection Letter demanded immediate payment of $5,372.95 from Mr. Lawson, listed several payment options, and included a detachable payment coupon. *See* Exhibit A.

17. The Collection Letter also indicated that Mr. Lawson could go to Defendant's website at any time to make a payment via credit card. *See* Exhibit A.

18. On or around March 26, 2018, Mr. Lawson accessed Defendant's website to make a payment toward the Subject Debt but became confused because the balance listed on the Collection Letter was over $5,372.05 but the balance listed online was only $3,157.75. A copy of the screenshot of Defendant's webpage is attached to this complaint as Exhibit B.

19. In addition, Defendant represented that it was entitled to collect a $7.00 "processing fee" if Mr. Lawson chose to make a payment via credit card (the "Processing Fee"). *See* Exhibit B.

20. The Processing Fee is not expressly authorized pursuant to any underlying contract between Mr. Lawson and his medical providers.

21. Confused and concerned by the over $2,000 difference between the Collection Letter and online web portal, Mr. Lawson spoke to his attorneys for clarification regarding his rights.

## DAMAGES

22. Mr. Lawson was misled by Defendant's collection activity.

23. Mr. Lawson justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

24. Due to Defendant's conduct, Mr. Lawson was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. After a reasonable time to conduct discovery, Mr. Lawson believes he can prove that all actions taken by Defendant as described herein were taken willfully and/or with knowledge that its actions were taken in violation of the law.

26. Due to Defendant's conduct, Mr. Lawson is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1) and h*

27. All prior paragraphs are incorporated into this count by reference.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

> "If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector

4

> may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions." 15 U.S.C. § 1692h.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f in sending the Collection Letter to Plaintiff.  Defendant's collection activity was inconsistent with what was represented on their online payment portal, violating Plaintiff's rights under the FDCPA.  As such, Defendant used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) in representing that Plaintiff would be charged the Processing Fee if he chose to pay via credit card through Defendant's website.  Defendant's charging of the Processing Fee is not authorized per agreement or otherwise and, therefore, Defendant was not legally entitled to collect it from Plaintiff.  For Defendant to represent otherwise, as reflected on its website, constitutes a false, deceptive and/or misleading representation to the extent it implied that Defendant could legally collect this fee from Plaintiff.

31. As an experienced debt collector, Defendant knows that its representations to consumers concerning the alleged debt owed and the consumer's rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

32. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## COUNT II
## VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
### *I.C. 24-5-0.5-3(a) and (b)(20)*

33. All prior paragraphs are incorporated into this count by reference.

34. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.

5

> Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

35. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

36. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. 24-5-0.5-3(a) and (b)(20), by, *inter alia*: (i) demanding immediate payment of the Subject Debt from Plaintiff on the front side of the Collection Letter; (ii) representing that Plaintiff would owe the Processing Fee if he chose to pay via credit card through Defendant's website; (iii) combining the Subject Debt with other alleged debts and thereby failing to provide Plaintiff with a reasonable choice as to which alleged debt(s) his payment would be allocated towards; (iv) and inconsistency of the actual balance owed in correlation to the amount listed in the Collection Letter versus the online web portal.

37. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

38. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

39. Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David T. Lawson, respectfully requests that this Court enter judgment in his favor as follows:

  a) Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. 24-5-0.5-4(a)(1)(2);

  b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

  c) Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

  d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

  e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 30th day of June, 2018.          Respectfully Submitted,

          */s/ Melanie Pennycuff*
          Melanie Pennycuff #21778-73
          David S. Klain #0066305
          CONSUMER LAW PARTNERS, LLC
          333 N. Michigan Ave., Suite 1300
          Chicago, Illinois 60601
          (267) 422-1000 (phone)
          (267) 422-2000 (fax)
          melanie.p@consumerlawpartners.com

          *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

          */s/ Melanie Pennycuff*
          Melanie Pennycuff #21778-73
          CONSUMER LAW PARTNERS, LLC